*Nall v. Hartford Life & Accident Ins. Co.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of March, two thousand twenty-three.

PRESENT: Reena Raggi,
Richard C. Wesley,
Steven J. Menashi,
*Circuit Judges.*

_____

ASHLEY NALL,

*Plaintiff-Appellant,*

v.                                                                No. 22-49

HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,

*Defendant-Appellee.*

_____

*For Plaintiff-Appellant*:          HUDSON T. ELLIS (R. Chandler Wilson, *on the brief*), Eric Buchanan & Associates, PLLC, Chattanooga, TN.

*For Defendant-Appellee*:          GREGORY J. BENNICI (Patrick W. Begos, *on the brief*), Robinson & Cole LLP, Stamford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Covello, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

In 2019, Plaintiff-Appellant Ashley Nall filed for long-term disability benefits under the terms of her employer's Group Long Term Disability Policy (the "Plan") with insurer and Plan administrator Defendant-Appellee Hartford Life and Accident Insurance Company ("Hartford"). Nall reported that her diagnosis of Meniere's disease—a disorder of the inner ear—caused debilitating vertigo, ear congestion, and migraines that rendered her unable to perform her occupation as an intake coordinator. Hartford denied Nall's benefits request, finding that her condition was not so severe as to render her disabled within the meaning of the Plan. Nall then brought this ERISA suit seeking to recover benefits under the Plan.

The district court granted summary judgment to Hartford, concluding that it properly exercised its discretion in denying Nall's claim under the Plan. This appeal followed. We presume the parties' familiarity with the facts and procedural history.

The Supreme Court has explained that "a denial of benefits challenged under [ERISA § 502(a)(1)(B)]," such as this action, "is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). However, "[i]f the insurer establishes that it has such discretion, the benefits decision is reviewed under the arbitrary and capricious standard." *Krauss v. Oxford Health Plans, Inc.*, 517 F.3d 614, 622 (2d Cir. 2008). Nall concedes that the Plan granted Hartford such discretion. Accordingly, we review Hartford's denial of Nall's claim under the arbitrary and capricious standard.

A decision by a plan administrator such as Hartford is arbitrary and capricious when it is "without reason, unsupported by substantial evidence or erroneous as a matter of law." *Fay v. Oxford Health Plan*, 287 F.3d 96, 104 (2d Cir.

2002) (quoting *Kinstler v. First Reliance Standard Life Ins. Co.*, 181 F.3d 243, 249 (2d Cir. 1999)). In evaluating whether a plan administrator's decision is "without reason," we are mindful that the question is not whether the plan administrator made the "correct" decision but whether it had a "reasonable basis for the decision that it made." *Hobson v. Metropolitan Life Ins. Co.*, 574 F.3d 75, 89 (2d Cir. 2009). Substantial evidence is "such evidence that a reasonable mind might accept as adequate to support the conclusion reached by the decisionmaker and requires more than a scintilla but less than a preponderance." *Miller v. United Welfare Fund*, 72 F.3d 1066, 1072 (2d Cir. 1995) (alterations omitted) (quoting *Sandoval v. Aetna Life & Cas. Ins. Co.*, 967 F.2d 377, 382 (10th Cir. 1992)).

Hartford's denial of Nall's claim for benefits under the Plan was not without reason, was supported by substantial evidence, and was not erroneous as a matter of law. Hartford relied on medical records provided by Nall's own treating physician, who concluded on several occasions that Nall could reach, sit, engage in keyboarding, and walk or stand. That physician also repeatedly represented to Hartford that Nall could return to work in the near future. Furthermore, Nall admitted during an interview with Hartford that she could take care of herself

4

independently, go for walks, perform light household chores, attend movies, do crafts, cook, do laundry, and grocery shop. She also reported that she was able to swim and babysit her niece. Finally, Hartford relied on the opinion of four medical professionals. Three nurses reviewed Nall's records when she initially applied for benefits, and each nurse concluded that Nall was not disabled. Moreover, when Nall appealed the denial of benefits, Hartford hired an outside physician—Dr. Hootan Zandifar—to provide his medical opinion. Zandifar reviewed Nall's treating physician's notes and the results of several objective tests, and he ultimately concluded that Nall retained "the functional capacity for at least Light Level work activity." App'x 795. With these materials in the record, we conclude that Hartford had a "reasonable basis for the decision that it made," *Hobson*, 574 F.3d at 89, and that this evidence is "adequate to support [Hartford's] conclusion," *Miller*, 72 F.3d at 1072.

Nall offers several counter arguments. First, Nall contends that Zandifar's report was inaccurate and that it was unreasonable for Hartford to rely on it. Nall notes, for example, that Zandifar said she exhibited no "gait abnormalities," App'x 795, yet her treating physician noted an unsteady gait in January 2019. But

Zandifar's review expressly concerned "the time period of … 5/27/19 and forward," which explains why his report did not mention the January note. *Id.* Nall also objects to Zandifar's conclusion that her physical exams were "unremarkable," *id.* at 741, because certain objective tests suggested results outside "normal limit[s]," *id.* at 326. But Nall's treating physician had access to the same test results, which evidently did not prevent him from stating repeatedly that Nall could return to work. Consequently, Nall's arguments do not indicate that it was unreasonable for Hartford to rely on the Zandifar report.

Second, Nall says that Hartford did not take into account that the vertigo resulting from her Meniere's disease was episodic, occurring several times per week but not every day. According to Nall, she was therefore able to take care of herself and engage in some recreation—such as swimming—but the regular occurrence of the vertigo prevented her from working. Hartford, however, did take into consideration the episodic character of Nall's vertigo. For example, the Zandifar report noted that Nall had experienced four vertigo spells in the last few weeks of May 2019, App'x 793, and a letter Hartford sent to Nall acknowledged that she "experience[ed] severe/disabling vertigo episodes multiple times per

6

week," *id.* at 404. Nall has submitted no evidence indicating that her episodes were so frequent that any reasonable factfinder would be compelled to conclude that she could not work at all.

Third, Nall contends that Hartford disregarded her subjective complaints of pain. But the Zandifar report made several references to such subjective complaints. We have held that it is "not unreasonable for ERISA plan administrators to accord weight to objective evidence that a claimant's medical ailments are debilitating in order to guard against … unsupported claims of disability." *Hobson*, 574 F.3d at 88. Nall relies on *Miles v. Principal Life Ins. Co.*, 720 F.3d 472 (2d Cir. 2013), for the proposition that Hartford is prohibited from disregarding her subjective complaints. Nall's reliance on *Miles* is misplaced. We said in that case only that a plan administrator may not reject evidence simply because it is subjective. *Id.* at 487. Here, Hartford did not reject Nall's complaints of pain simply because those complaints were subjective. Rather, it put forth reasons based on other evidence why those subjective complaints were not dispositive.

Fourth, Nall claims that it was arbitrary and capricious to rely on the conclusions of the Zandifar report over the statement of her treating physician, who opined in September 2019—late in the administrative appeals process—that Nall was disabled and could not work. But the Supreme Court has rejected the notion that administrators must defer to statements by treating physicians. "[C]ourts have no warrant to require administrators automatically to accord special weight to the opinions of a claimant's physicians; nor may courts impose on plan administrators a discrete burden of explanation when they credit reliable evidence that conflicts with a treating physician's evaluation." *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 834 (2003). Hartford did not "arbitrarily refuse to credit" Nall's treating physician's opinion. *Id.* That opinion—offered for the first time in September 2019—was accompanied by no new evidence, and Zandifar's report considered Nall's treating physician's earlier examinations and tests.

Fifth, Nall contends that Hartford was obligated to investigate her claim more fully yet failed to do so. Nall did not raise this argument before the district court and offers no reason for failing to do so. Accordingly, we consider the argument waived. *See In re Nortel Networks Corp. Secs. Litig.*, 539 F.3d 129, 133 (2d

8

Cir. 2008) (noting that we decline to consider an argument on appeal when the litigant "has offered no reason for its failure to raise this argument to the district court"). In any event, Nall has provided no authority from this circuit establishing that Hartford had such an obligation here. To the contrary, we have said that when a claimant fails "to produce sufficient objective evidence supporting her benefits claim," it is not arbitrary and capricious for an administrator to "exercise[] its discretion to decline to pursue" additional investigation into the claimant's condition. *Hobson*, 574 F.3d at 91.

Sixth, Nall notes that the record contains evidence supporting the conclusion that she is disabled. We take no position on whether that may be; the relevant question before us is only whether Hartford had a "reasonable basis" for denying her benefits under the Plan. *Id.* at 89. For the reasons stated above, we conclude that Hartford had such a basis.

\*　　\*　　\*

We have considered Nall's remaining arguments, which we conclude are without merit. For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court